Leon Ephross and Selma Ephross, his wife, Appellants, *v.* Solebury Township Zoning Hearing Board, Appellee.

Argued April 9, 1976, before Judges Crumlish, Jr., Mencer and Rogers, sitting as a panel of three.

*Ian A. Abarbanel,* with him *Bruce K. Doman,* and *Weber and Abarbanel,* for appellants.

*Carl L. Lindsay, Jr.,* for appellee.

Opinion by Judge Mencer, June 10, 1976:

This is an appeal from an order of the Court of Common Pleas of Bucks County affirming the decision of the Solebury Township Zoning Hearing Board (Board) which denied the variance application of Leon Ephross and Selma Ephross (appellants).

In 1966, the owner of the Honey Hollow Village development received the township's approval for the subdivision of its land. At that time, and presently, the township's zoning ordinance mandated one-acre plots for the R-1 residential district in which the development is located. Nevertheless, the land was divided into 22 numbered lots, each containing an acre or more,[1] and two unnumbered lots, each containing less than an acre.[2] In January of 1972, appellants purchased the development, including the numbered and unnumbered lots. At the time of purchase, appellants, who have extensive experience as builders and developers, were familiar with the boundaries of the subdivision plan and the zoning restrictions of the township.

In November of 1973, appellants applied for a variance for the construction of a one-family residence on the larger of the two unnumbered and undersized tracts. After a hearing, the Board, in a well-written and thorough opinion, denied that request because of appellants' alleged failure to prove any legal hardship and because any hardship, even if proved, would have been self-inflicted. On appeal, the trial court, after receiving some additional evidence, affirmed the Board by a well-reasoned opinion which included extensive findings of fact.

Our scope of review in zoning appeals where, as here, the court below admitted some additional evidence is limited to a determination of whether or not the trial court committed an error of law or abused its discretion. *Snyder v. Zoning Hearing Board, Borough of Zelienople,* 20 Pa. Commonwealth Ct. 139, 341 A.2d 546 (1975). We have closely examined the rec-

---

[1] Four lots contained well over one acre. One lot contained over two acres.

[2] The lot which is the subject of this appeal contained 0.806 acre. The other unnumbered lot contained three-eighths of an acre.

ord in this case and are convinced that the trial court neither abused its discretion nor committed an error of law.

Initially, we note that the appellants, as applicants for a variance, are required by law to carry the heavy burden of proving that there exists an unnecessary hardship unique to their property and that the variance, if granted, would not be contrary to the public health, safety, welfare, or morals. *See J. Richard Fretz, Inc. v. Hilltown Township Zoning Hearing Board,* 18 Pa. Commonwealth Ct. 471, 336 A.2d 464 (1975); *Radnor Township v. Falcone,* 16 Pa. Commonwealth Ct. 283, 328 A.2d 216 (1974). While we are persuaded by appellants' argument that the record does not reveal that the construction would have an adverse impact on the public health, welfare, safety, or morals, we are nonetheless compelled to affirm the court below for it is clear that appellants have failed to prove any unnecessary hardship unique to their property.

Appellants, in their brief, state that "[t]he hardship in this case arises in the subdivision plan which created the undersized lot for which appellants seek a variance." However, the court below, and the Board, found that appellants had failed to carry their burden of proving a legal hardship. We are convinced that this finding is adequately supported in the record. The testimony reveals that appellants are also owners of an adjacent lot in the subdivision which has yet to be developed. During the hearing, appellant Leon Ephross stated that he had considered the possibility of joining the two lots together but *felt* that it would not add to the value of the adjacent lot. However, Mr. Ephross admitted that he had in fact joined for sale the other undersized lot in the development to its adjacent lot. We also note that the combined acreages of the lot at issue and its adjacent lot would be simi-

lar to, and in one case well below, the acreages of some of the other lots in the subdivision. Surely then, appellants have proved no more than a mere possibility of economic hardship to the property. The law will not permit the grant of a zoning variance merely because a petitioner will suffer an economic hardship if he does not receive one. *O'Neill v. Zoning Board of Adjustment,* 434 Pa. 331, 254 A.2d 12 (1969); *Marple Gardens, Inc. v. Zoning Board of Adjustment,* 8 Pa. Commonwealth Ct. 436, 303 A.2d 239 (1973). When an applicant seeks a variance in order to use a vacant lot in a manner prohibited under a zoning ordinance, the law requires convincing proof that the characteristics of the area were such that the lot had either no value or only a distress value for any purpose permitted under the ordinance. *See Rees v. Zoning Hearing Board of Indiana Township,* 11 Pa. Commonwealth Ct. 461, 315 A.2d 317 (1974); *Philadelphia v. Earl Scheib Realty Corp.,* 8 Pa. Commonwealth Ct. 11, 301 A.2d 423 (1973). The court below correctly concluded that appellants had failed to present proof that the lot at issue fell within these legal strictures.

We also agree with the authorities below in their conclusion that an experienced developer who purchases a large subdivision with express knowledge of existing zoning regulations and their applicability to that subdivision cannot be allowed to frustrate an express provision of a zoning ordinance by developing a vacant irregular lot in violation of the law. The law does not permit a developer to subdivide its own land and then make a subsequent claim for a variance because a remnant of that land is not in conformity with the zoning ordinance. *See Volpe Appeal,* 384 Pa. 374, 121 A.2d 97 (1956). For further analysis, see R. Ryan, *Pennsylvania Zoning Law and Practicee* §§6.2.10-.13 (Supp. 1976). To give the grantee developers here more rights than could have accrued to their prede-

cessor grantor-developer would surely result in an unintended aberration in the law. *Compare Clifton Heights Appeal,* 440 Pa. 101, 270 A.2d 400 (1970), *with Borough of Baldwin v. Bench,* 11 Pa. Commonwealth Ct. 410, 315 A.2d 911 (1974).

Order affirmed.

Judge KRAMER did not participate in the decision in this case.