502

In the Matter of the Appeal of Center Road Tavern, Inc., Trading as Center Road Tavern, Inc., From the Order of the Pennsylvania Liquor Control Board. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

*Harry Bowytz,* Chief Counsel, with him *J. Leonard Langan,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*M. Dan Mason,* with him *Mason and Mason,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 1, 1977:

The Pennsylvania Liquor Control Board (Board) appeals an order of the court of common pleas which modified a penalty imposed by the Board on Center Road Tavern, Inc. (Licensee).

On January 27, 1976, the Board issued citation number 192 of 1976 to Licensee alleging violations of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 74 P.S. §1-101 et seq., by the sale or furnishing of "liquor and/or malt or brewed beverages to minors, on or about November 1, 1975, and on divers other occasions within the past year." After hearing, the Board imposed a fine of $500 upon Licensee based upon its finding of fact that

> [t]he licensee, by its servants, agents or employes sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to minors, on November 1, 1975, and on divers other occasions within the past year . . . .

Licensee appealed the Board's order to the court below which, after conducting a hearing de novo, modified the penalty to a fine of $250. This appeal resulted.

Section 471 of the Code, 47 P.S. §4-471, provides that the Board shall impose a fine of not less than $50 nor more than $1,000 if, after hearing, it is satisfied that the violation alleged in the citation has occurred. This section further provides for review of the imposition of these fines by the courts of common pleas. Such a review is controlled by the following language of Section 471:

> Upon appeal, the court so appealed to shall, *in the exercise of its discretion,* sustain, reject, alter or modify the findings, conclusions and penalties of the board, based on the findings of

fact and conclusions of law as found by the court. (Emphasis added.)

Interpreting this provision in *Noonday Club of Delaware County, Inc. Liquor License Case,* 433 Pa. 458, 467, 252 A.2d 568, 573 (1969), our Supreme Court stated that the common pleas court is not limited to a review of the Board's discretion

> but rather makes a completely independent determination of all facets of the case in rendering its own decision. The only limitation placed upon the court is in the area of imposing penalties when no material changes are made in the findings of the Board.

*See also Pa. Liquor Control Board v. Latrobe Armed Services Association,* 16 Pa. Commonwealth Ct. 199, 329 A.2d 549 (1974).

> The court below found that:
> There was not one scintilla of evidence presented at the de novo hearing to sustain sales of beverages to minors 'on divers other occasions within the past year' as found by the Board at their hearing held in March of 1976.

Since the finding of the court below, that only one violation of the Code by Licensee was established by the Board, differs significantly from the Board's finding that Licensee violated the Code "on November 1, 1975, and on divers other occasions within the past year," the court below was properly acting within its discretion in modifying the penalty imposed by the Board.

Affirmed.

Judge KRAMER did not participate in the decision in this case.

## Order

And Now, this 1st day of September, 1977, the decision and order of the Court of Common Pleas of Crawford County is hereby affirmed.