Jerome Scott and Margaret Scott, Appellants *v.*
John F. Fox and Margaret H. Fox et al.,
Appellees.

Argued October 6, 1977, before Judges CRUMLISH,
JR. and WILKINSON, JR., sitting as a panel of two. Re-
argued April 4, 1978, before President Judge BOWMAN
and Judges CRUMLISH, JR., WILKINSON, JR., MENCER,
ROGERS, BLATT and DiSALLE.

*Patricia Hedley Jenkins,* with her *Matthew J. Ryan,* for appellants.

*Robert E. Slota,* with him *Brian S. Quinn,* and *Murphy & Slota,* for appellees.

OPINION BY JUDGE WILKINSON, JR., June 15, 1978:

The issue before the Court in this case is the propriety of a Zoning Hearing Board's grant of a variance when the application before it was for a special exception and when the variance was to build on an abutting, undersized lot. The trial court affirmed the decision of the Zoning Hearing Board with an able opinion by Judge McGOVERN, JR., which opinion is reported at 63 Del. 401 (1976). We affirm and adopt the opinion of Judge McGOVERN, JR.

Accordingly, we will enter the following

ORDER

Now, June 15, 1978, the Order of the Court of Common Pleas of Delaware County in the above matter, dated November 24, 1976, affirming, after Petition for Reconsideration, supplemental brief and argument thereon, its order of June 15, 1976, is affirmed.

---

DISSENTING OPINION BY JUDGE ROGERS, June 15, 1978:

I would not ordinarily dissent from an Order of this Court upholding a variance granted by a Zoning Hearing Board affirmed by the Court of Common Pleas. I am constrained to do so in this case, because I believe that the issue of this case is important.

The variance granted in this case permits the construction of a dwelling house on an 8000 square feet lot in a zoning district in which the minimum lot size requirement is that of 10,125 square feet. The lot in

question was a lot numbered 34 on a plan of subdivision approved by the Township Commissioners of Haverford Township in 1923. The Township adopted zoning regulations for the first time in 1925 establishing the 10,125 square feet minimum lot size requirement. When the zoning was adopted lot 34 was owned by Merion Title. Merion Title had been the owner of all of the lots in the approved subdivision, and while it is not clear what other lots it owned when zoning was adopted in 1925, it then owned not only lot 34 but also contiguous lot 35. Thereafter, Merion Title owned at least the two lots containing in the aggregate a number of square feet in excess of the minimum established by the new zoning ordinance of 10,125 square feet. Lot 34 was not, therefore, held in single and separate ownership at the time the zoning ordinance was adopted, and therefore the case of *Jacquelin v. Horsham Township,* 10 Pa. Commonwealth Ct. 473, 312 A.2d 124 (1973), depended on by the court below whose opinion the majority has adopted, is no authority for the grant of a variance in this case. The holding of *Jacquelin* was that the owner of a lot which was owned in single and separate ownership at the time zoning regulation rendering it nonconforming as deficient in size, and which remained in single and separate ownership thereafter, was entitled to a variance so that he might build on the lot. Not only was lot 34 not owned in single and separate ownership when the Haverford Township adopted zoning regulations, it was subsequently acquired by the present owner, Fox, who at time of acquisition owned, and still owns other contiguous land, to wit, lot 35. The area of lots 34 and 35 combined much exceeds the 10,125 square feet minimum lot size requirement.

The majority's decision permits Fox to build a house on lot 34 upon a showing only that lot 34 was

*a* lot shown on a plan of subdivision approved prior to the adoption of any zoning regulations. Authority to the contrary is *Ephross v. Solebury Township Hearing Board*, 25 Pa. Commonwealth Ct. 140, 359 A.2d 182 (1976), and the very recent case *In Re: The Application of BCL, Inc.*, 36 Pa. Commonwealth Ct. 96, 387 A.2d 970 (1978).

The holding here is inconsistent with Section 508 (4) of The Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508(4), which immunizes lots in approved subdivisions from the effect of subsequently enacted zoning regulations for a period of three years only. If, as this case holds, one who owns a lot in an approved subdivision may have a variance to use the lot contrary to present zoning requirements upon a mere showing that the lot was in a subdivision approved prior to the zoning requirements and in spite of the fact that he owns contiguous land, undersized lots once shown on approved subdivisions are immunized perpetually.

This case will greatly hinder the desirable end of improving communities by upgrading zoning regulations. Anyone familiar with titles in suburban municipalities knows that there are scores, if not hundreds, of old, approved subdivisions showing tiny lots, recorded in the offices of Recorders of Deeds. Today's decision would allow one who owns tracts once approved for such subdivision to obtain variances to build on substandard lots regardless of present zoning requirements and his ability to conform. Further, some properties now in single ownership have been assembled by their owners by the purchase of adjoining lots in old, approved subdivisions which are substandard by present zoning requirements. Today's decision would sanction, as of right, the subdivision of such properties in accordance with the old plans,

without regard to existing subdivision regulations as well as existing zoning regulations.

In my opinion, one who has purchased a nonconforming lot contiguous to property already owned may not have a variance to construct a dwelling house on the nonconforming lot by showing only that the lot was on a plan of subdivision approved before the enactment of zoning regulations which made the lot nonconforming.

Judges MENCER and BLATT join in this dissent.