In Re: The Application of BCL, Inc. West Bradford Township, by Its Board of Supervisors, Appellant.

Argued April 7, 1978, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Patrick C. O'Donnell*, with him *John E. Good*, for appellant.

*William J. Gallagher,* with him *Randy L. Sebastian,* and *MacElree, Harvey, Gallagher & Kean, Ltd.,* for appellee.

OPINION BY JUDGE WILKINSON, JR., June 15, 1978:

West Bradford Township (Township) appeals an order of the Court of Common Pleas of Chester County reversing a decision of the West Bradford Zoning Hearing Board (Board) which denied a variance to BCL, Inc. (appellee) to construct two single-family dwellings on two nonconforming sized lots.

The lots in question, located in Romansville Road in the Township are two of 10 lots of a subdivision plan approved by the Township in 1963. These lots were also included in a larger subdivision plan, approved by the Township in 1967, which contemplated the development of 13 additional lots located to the rear of the original 10 fronting Romansville Road. All 23 lots contained 20,000 square feet in conformity with the Township zoning ordinance then in effect. On April 14, 1970 the Township enacted a new zoning ordinance which increased the minimum lot area in the district to 43,000 square feet. From that time two separate lots fronting Romansville Road as well as all 13 lots added in the 1967 plan have remained undeveloped.

On February 26, 1976 appellee filed a request for a zoning variance to build two single-family dwellings on the two lots located on Romansville Road, numbered 38 and 86. At a hearing on April 15, 1976, the

Township objected to the granting of a variance contending the applicant could create conforming lots by combining, lots 38 and 86 with lots in the back development, numbered 80 and 37. The applicant rejected this proposal on the ground the combination would create odd-shaped lots and would not be a reasonable use of the property. Specifically, combining lots 86 and 80 would create a lot approximately 438 feet deep and 100 feet wide and combining lots 38 and 37 would create an L-shaped lot. At the time of the variance request lots 86 and 38 were owned by the appellee and lots 80 and 37 were owned by Dan Mack, Ltd., these lots having been conveyed to BCL, Inc. on February 6, 1976. Counsel for the applicant, however, said it would agree as a condition of the variance that lots 80 and 37 would be reconveyed to BCL, Inc. and further stated that for the purpose of consideration of a variance the Board should consider lots 80 and 37 as owned by the applicant, BCL, Inc.

The Board denied the variance. The Court of Common Pleas of Chester County, without taking additional evidence, reversed the Board finding it was improper for the Board to consider the availability of contiguous lots to meet the zoning requirements when considering the element of undue hardship and that the Board erred in its conclusion that Section 508(4) of the Pennsylvania Municipalities Planning Code (PMPC)[1] affects the right of an applicant to seek a variance where he fails to complete development within three years after the approval of the subdivision plan.

In a zoning case where the court below, as here, takes no additional evidence, our review is limited to whether the Board abused its discretion or committed an error of law. In particular, the focus of this ap-

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508(4).

peal is whether the Board erred as a matter of law with respect to the requisite elements of unnecessary hardship. Basically, the Township argues it was proper for the Board to consider the availability of adjacent land to determine that no hardship existed in requiring the applicant to meet the dimensional requirement of the zoning ordinance or alternatively that the hardship in this case was self-inflicted. Since we find it was proper in this case for the Board to consider the availability of adjacent land we must reverse.

This case involves the problem of the hardship created when a particular lot fails to meet the dimensional requirements of a zoning ordinance. The generally stated rule is that where a lot is too small to conform with minimum lot area requirements, and cannot be made to conform by merging lots or resubdividing a larger tract, enforcement of the ordinance will sterilize the land, creating the necessary hardship which will justify the granting of a variance. *See* R. Ryan, *Pennsylvania Zoning Law and Practice* §6.3.3 (1970); *see also Jacquelin v. Horsham Township,* 10 Pa. Commonwealth Ct. 473, 312 A.2d 124 (1973).

This Court has considered the possibility of merging or combining lots in two cases, *Ephross v. Solebury Township Zoning Hearing Board,* 25 Pa. Commonwealth Ct. 140, 359 A.2d 182 (1976) and *Grace Building Co., Inc. v. Hatfield Township,* 16 Pa. Commonwealth Ct. 530, 329 A.2d 925 (1974). In *Ephross, supra,* the developer sought a variance for two lots in his subdivision which contained less than the mandated one acre required. There, we held that the fact the developers owned an adjacent undeveloped lot which could be combined with the nonconforming lot to meet the dimensional requirements of the zoning ordinance supported the finding of the Board that the developers had not carried "their burden of prov-

ing a legal hardship." *Id.* at 143, 359 A.2d at 183. In *Grace, supra,* the zoning board denied a variance on the ground that the applicant failed to show that he had made an effort to buy additional land in order to comply with the zoning ordinance. We said in *Grace, supra,* that to impose such a consideration would "create many collateral problems which have no rightful place in the decision making of the Zoning Board." *Id.* at 533, 329 A.2d at 927. We believe the facts in this case are more analogous to those in *Ephross, supra,* and readily distinguishable from those in *Grace, supra,* since here, as in *Ephross,* the developer had conceded to the Board that, even though the adjacent lots had been conveyed, they were to be considered by the Board as owned by appellee.

Appellee would distinguish *Ephross, supra,* on two grounds: first, here the hardship was created by the Township rather than the developer when the zoning ordinance was changed; and second, that the combination of lots would create two odd-shaped lots which would not enable reasonable use of the property. We do not find appellee's argument that the hardship was not self-inflicted because of the new zoning persuasive, since the developer can re-divide his subdivision plan to conform to the zoning ordinance. Neither are we persuaded that the Board abused its discretion in determining that the creation of the odd-shaped lots was not an unreasonable use of applicant's property. The burden was on the appellee to show that the combination of lots to conform to the zoning ordinance would effectively deprive the property of its utility. *See Rees v. Zoning Hearing Board,* 11 Pa. Commonwealth Ct. 461, 315 A.2d 317 (1974). Appellee suggests it has shown this by merely presenting the layout of lots in the subdivision plan to the Board. We do not believe this is sufficient to carry the heavy burden of proof which must be met when an applicant

seeks a variance. *Commissioners of Plymouth Township v. Wannop*, 13 Pa. Commonwealth Ct. 237, 320 A.2d 455 (1974). Moreover, the plot plan itself indicates that the combination of lots suggested by the Township would create one fewer nonconforming lot in the subdivision plan that now exists, compared with the combination of lots suggested by appellee. A denial of a variance on this ground then would be consonant with subsection 5 of Section 912 of the PMPC, 53 P.S. §10912(5), that the variance is the least possible modification of the regulation at issue.

It is important to distinguish the factual situation where a developer has two undeveloped lots adjoining each other and where a lot that has been developed and has changed ownership adjoins an undeveloped undersized lot. These situations are distinguished by Ryan, *supra*, §6.2.11. *See also, Scott v. Fox*, 36 Pa. Commonwealth Ct. 88, 387 A.2d 965 (1978).

Although we find sufficient basis for the Board's denial of a variance in this case, we must agree with the trial court that the Board erred in its reliance on Section 508(4) of the PMPC, 53 P.S. §10508(4), as supporting the denial. Section 508(4) does nothing more than accord the developer a statutory right to develop his property according to a subdivision plan for a period of three years after approval of the plan by the municipality, irrespective of any intervening zoning regulation. After that three year period has elapsed the developer is in the same position as any other property owner who seeks to use his property in a manner inconsistent with the zoning regulations. He must seek a variance and comply with the statutory requirements of Section 912, 53 P.S. §10912. However, since the findings of the Board contained sufficient grounds to deny a variance under Section 912, this case need not be remanded.

Accordingly, we will enter the following

ORDER

AND Now, June 15, 1978, the order of the Court of Common Pleas of Chester County at No. 37 June Term, 1976, dated May 3, 1977, is hereby reversed and the order of the Zoning Hearing Board of West Bradford Township, Chester County, dated May 5, 1976 is hereby reinstated.

Judge DiSALLE dissents.