Mervin C. Altland and Laura Altland, Appellants *v.* David Sprenkle, Norman Lau and Ervin Linehart, as Supervisors of Jackson Township and Sterling Bentzel, as Zoning Officer of Jackson Township, Appellees.

Argued February 2, 1981, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*William H. Poole, Jr.*, with him *Daniel W. Shoemaker, Shoemaker, Thompson & Ness*, for appellants.

*Michael C. Baldauff*, with him *Samuel K. Gates*, for appellees.

OPINION BY JUDGE WILLIAMS, JR., March 17, 1981:

Landowners appeal to this Court to reverse an order of the York County Court of Common Pleas, which refused to grant a writ of mandamus directing the supervisors of Jackson Township to issue building permits to appellants. We hereby affirm that order.

The facts of the case have never been in dispute. Appellants are owners of a plot of land which they bought from their corporation in 1976. Over the years, they, and/or their corporation, have been slowly establishing a development pursuant to a subdivision plan which was approved and recorded in 1959. On April 4, 1977, Jackson Township adopted a zoning ordinance which required lot sizes larger than those remaining undeveloped in the appellants' 1959 plan.

Therefore, when the appellants wished to continue with the next phase of development, and applied for building permits in 1978 and 1979, the permits were denied, because the lots did not conform to the requirements of the new zoning ordinance.

The issue before the Court is whether the lower court committed an error of law in determining that a writ of mandamus mandating the issuance of building permits cannot issue in a case where a development plan complies with the zoning ordinance which existed when it was approved, but does not comply with the zoning as it now exists.

Mandamus[1] is an extraordinary writ which may be utilized solely to compel the performance of a duty which is either purely ministerial or mandatory. *Suburban Group, Inc. v. Gittings,* 22 Pa. Commonwealth Ct. 295, 348 A.2d 490 (1975). It will not issue to compel the exercise of discretion in a specific manner. *Accord, Commercial Properties, Inc. v. Peternal,* 418 Pa. 304, 211 A.2d 514 (1965). To demonstrate entitlement, the plaintiff must prove that he holds a clear

---

[1] Section 909 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10909, retains the action of mandamus "where appropriate." This Court has noted that the allegation of a clear legal right to the issuance of a building permit is sufficient to support an action in mandamus to compel that issuance. *Monroeville v. Effie's Ups and Downs,* 12 Pa. Commonwealth Ct. 279, 315 A.2d 342 (1974), *Myers v. Hamilton, Inc.,* 31 Pa. Commonwealth Ct. 504, 413 A.2d 1178 (1980).

legal right, for which there is a corresponding duty in the defendant, and that there is no other adequate and appropriate remedy. *Unger v. Hampton Township,* 437 Pa. 399, 263 A.2d 385 (1970).

Where, as here, it is obvious that all of the requirements of the zoning ordinance are not met, then the right to a building permit is not clear, and a zoning officer is acting beyond the scope of his authority if he issues a permit under such conditions. *Accord, Kirk v. Smay,* 28 Pa. Commonwealth Ct. 13, 367 A.2d 760 (1976).

Appellants argue that their alleged clear legal right is a vested right in the building permits acquired when the subdivision plan was approved in 1959. Unfortunately, precedent does not favor that argument. In holding that a vested right to subdivide was not created with respect to certain subdivision plans approved by a township before the passage of the zoning ordinance, we quoted the York County Court as saying:

[I]t is highly desirable in the zoning process that pre-existing land subdivisions should conform to later zoning laws. Otherwise, subdivisions in their infancy could perpetuate for years the problems zoning was designed to eliminate.

*Friendship Builders, Inc. v. West Brandywine Township Zoning Hearing Board,* 1 Pa. Commonwealth Ct. 25, 32, 271 A.2d 511, 515 (1970).

*See also, In re Appeal by Mark-Garner Associates, Inc.,* 50 Pa. Commonwealth Ct. 354, 358, 413 A.2d 1142, 1144 (1980), in which this Court held that a condominium developer was not entitled to building permits for unbuilt units where the township had changed the zoning subsequent to plan approval because "a vested right to build *in futuro* a structure which violates a zoning ordinance can only be acquired by first securing a permit and thereafter expanding substantial

sums thereon.'' Citing *Dunlap Appeal*, 370 Pa. 31, 87 A.2d 299 (1952).

Appellants admit that they have not obtained permits; indeed, the suit was commenced to obtain the permits. They therefore have not completed the first step in the process of demonstrating a vested right. Furthermore, the record is devoid of any allegation that plaintiffs spent any sums at all in reliance on the future acquisition of the pertinent permits, thereby failing in the second step of the process. Appellants have not proven a vested right to the permits.

The second argument[2] propounded by appellants is that Section 908 of the township zoning ordinance, and its identical counterpart, Section 508(4) of the MPC,[3] maintain appellants' eligibility for permits until April 4, 1980, three years after the passage of the ordinance. This argument is rooted in the proposition that the three years for approval spoken of in these sections must start to run at the date of passage of the ordinance rather than the approval of the plan—that any other interpretation would involve retroactive application of the respective laws.

Again appellants argue against the weight of precedent, as well as the clear wording of the statute. *See, In Re: Application of BCL, Inc.*, 36 Pa. Common-

---

[2] Appellee alleges that this issue was not raised below, and therefor was not preserved for appeal. However, a review of the meagre record indicates that the issue was raised (albeit procedurally inappropriately) in paragraph 15 of appellee's answer to the complaint, and subsequently addressed by the lower court in its opinion.

[3] 53 P.S. §10508(4), which reads in pertinent part:

When an application . . . has been approved . . . no subsequent change or amendment in the zoning . . . shall be applied to affect adversely the right of the applicant to commence and complete any aspect of the approved development in accordance with the terms of such approval within three years from such approval.

wealth Ct. 96, 101, 387 A.2d 970, 973 (1978), in which this Court stated that:

Section 508(4) does nothing more than accord the developer the statutory right to develop his property according to a subdivision plan for a period of three years *after approval of the plan* by the municipality, irrespective of any intervening zoning regulation. (Emphasis supplied.)

After the expiration of that three year period, the landowner stands in the same position as any other who desires to develop his property in a manner which the then-existing zoning does not permit. *BCL, supra, Bensalem Township Appeal,* 47 Pa. Commonwealth Ct. 334, 408 A.2d 550 (1979).

The holding by this Court that the lower court did not err in refusing to grant a writ of mandamus does not preclude appellant from proceeding under the MPC to attempt to obtain variances for the properties which are the subject of this dispute.

### ORDER

AND Now, the 17th day of March, 1981, the order of the Court of Common Pleas of York County refusing to issue a writ of mandamus in the above-captioned case is hereby affirmed.