In Re: Appeal of Sterners Mill Associates From Decision of the Board of Supervisors of Lower Southampton Township Dated August 16, 1978. Lower Southampton Township, Appellant.

Argued March 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*Daniel J. Lawler, Lawler & Gonzales,* for appellant.

*William E. Benner, Power, Bowen & Valimont,* for appellee.

OPINION BY JUDGE MENCER, June 4, 1981:

This zoning appeal is from an order of the Court of Common Pleas of Bucks County which reversed a decision of the Lower Southampton Township Board of Supervisors (Board) and directed the Board to reconsider the land development plan submitted by Sterners Mill Associates (appellee). We reverse.

In December 1973, appellee submitted a land development application to the Board proposing to build a shopping center on a tract of land zoned CC-Commercial. On January 26, 1976, the Board approved the plan subject to the condition, *inter alia,* that appellee enter into the appropriate development and escrow agreements with the Board to guarantee proper installation of certain municipal improvements. From January to April 1976, appellee and the Board engaged in unsuccessful negotiations to formulate the terms of the development and escrow agreements. The Board alleges that appellee has not since communicated with it regarding the plan approved on January 26, 1976 or sought the building permits necessary to proceed with the development of the property.

On March 3 and April 6, 1978, the Board advertised its intention to hold a public hearing to consider the adoption of a new ordinance amending the zoning classification of appellee's property from CC-Commercial to Business-Professional.

Appellee submitted another land development application to the Board on May 22, 1978. Appellee does not dispute that this application was identical in all material respects to the plan it had submitted in 1976. The Board rejected the second plan, finding that it violated, *inter alia,* various sections of the Lower Southampton Township Subdivision and Land Development Regulations. The Court of Common Pleas of Bucks County reversed the Board's decision, and this appeal followed.

The relevant provision of the Pennsylvania Municipalities Planning Code is Section 508(4),[1] which states in pertinent part as follows:

When an application for approval of a plat, whether preliminary or final, has been approved or approved subject to conditions acceptable to the applicant, no subsequent change or amendment in the zoning, subdivision or other governing ordinance or plan shall be applied to affect adversely the right of the applicant to commence and to complete any aspect of the approved development in accordance with the terms of such approval within three years from such approval. Where final approval is preceded by preliminary approval, the three-year period shall be counted from the date of the preliminary approval.

We have interpreted this section simply to provide the landowner with a statutory right to develop his property according to a land development plan, irrespective of any intervening zoning regulation, for a period of three years after approval of the plan by the township. *See In re: Application of BCL, Inc.,* 36 Pa. Commonwealth Ct. 96, 387 A.2d 970 (1978). After the expiration of the three-year period, the landowner stands in the same position as any other owner seek-

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508(4).

ing to develop his property in a manner the zoning regulations no longer permit. *Bensalem Township Appeal,* 50 Pa. Commonwealth Ct. 354, 413 A.2d 1142 (1980).

Appellee clearly had the right to develop its property according to its first land development plan for three years after it received approval on January 26, 1976. Appellee could not, however, extend its time limit for another three years merely by refiling the identical land development plan. To allow for such a procedure would render the Section 508(4) time limit meaningless, since a landowner could simply refile his original plan each time the three-year period was about to expire, thereby insulating himself in perpetuity from subsequently enacted zoning regulations. Section 1921(a) of the Statutory Construction Act of 1972[2] supports this analysis by requiring that "[e]very statute . . . be construed, if possible, to give effect to all its provisions." In order to give effect to the three-year provision in Section 508(4), the time limit cannot be subject to automatic renewal at the behest of the landowner.

Furthermore, public policy considerations favor this construction of Section 508(4). It is desirable in the zoning process that preexisting land developments conform to later zoning laws, so that the problems the zoning was designed to eliminate do not continue indefinitely. *See Altland v. Sprenkle,* 57 Pa. Commonwealth Ct. 548, 427 A.2d 275 (1981).

Order reversed.

## ORDER

AND Now, this 4th day of June, 1981, the order of the Court of Common Pleas of Bucks County, dated January 30, 1980 and docketed to No. 8759 of 1978, is hereby reversed.

---

[2] 1 Pa. C. S. §1921(a).

Judge WILKINSON, JR. did not participate in the decision in this case.