**BOARD OF SUPERVISORS OF SOUTH MIDDLETON TOWNSHIP, CUMBERLAND COUNTY, PA, Appellant,**

v.

**Raymond E. DIEHL, Genevieve A. Diehl, Donald E. Diehl, Suzanne Diehl, Harold Otto, and Sara Jane Otto.**

Commonwealth Court of Pennsylvania.

Argued April 10, 1997.

Decided May 16, 1997.

Richard P. Mislitsky, Camp Hill, for appellant.

Edward L. Schorpp, Carlisle, for appellees.

Before COLINS, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

COLINS, President Judge.

The Board of Supervisors of South Middleton Township, Cumberland County (Board) appeals the order of the Court of Common

Pleas of Cumberland County (common pleas court) dated September 12, 1996. That order granted the preliminary objections in the nature of a demurrer of Raymond E. Diehl, Genevieve A. Diehl, Donald E. Diehl, Suzanne Diehl, Harold Otto, and Sara Jane Otto (collectively Appellees), and dismissed with prejudice the Board's complaint for declaratory judgment filed against Appellees. We affirm.

In 1983, Raymond and Donald Diehl, father and son, entered into an agreement to purchase 103 acres of property in South Middleton Township from Harold and Sarah Otto. Later that year, a subdivision of this property was approved by the Board. In 1988, the Diehls submitted another subdivision plan for a majority of the property, known as "Yorkfield II," that was also approved by the Board. In 1993, the Board notified Appellees that the "five- year protection" afforded by Section 508(4)(ii) of the Pennsylvania Municipalities Planning Code (MPC)[1] was in jeopardy if the development did not take place within the close of five years from the date of subdivision approval. Section 508(4)(ii) provides:

> When an application for approval of a plat, whether preliminary or final, has been approved without conditions or approved by the applicant's acceptance of conditions, no subsequent change or amendment in the zoning, subdivision or other governing ordinance or plan shall be applied to affect adversely the right of the applicant to commence and to complete any aspect of the approved development in accordance with the terms of such approval within five years from such approval.

53 P.S. § 10508(4)(ii). The Appellees did not proceed with development of Yorkfield II within the five years from subdivision approval, and, in fact, no development has taken place within this subdivision at all.

The Board alleges that the township's zoning ordinance was amended in 1989 and that the township's subdivision regulations were amended the following year, with the effect of rendering the Yorkfield II subdivision plan nonconforming in several respects, including lot size. After Appellee, Donald Diehl, made an informal request for sewage permits for Yorkfield II in late 1995, the township replied by letter of December 4, 1995 informing Appellees that the Board considered the Yorkfield II subdivision plan void by operation of law, because the five-year period afforded by Section 508(4)(ii) of the MPC had expired, and that no permits would be issued unless new plans were submitted to ensure compliance with existing ordinances. Thereafter, the Ottos transferred legal title to the Yorkfield II lots to Raymond and Donald Diehl, who, in turn, conveyed the lots to their respective wives, Genevieve and Suzanne Diehl.

Shortly after learning of these transfers, the Board filed a complaint for declaratory judgment with the common pleas court seeking (1) to void the conveyances, (2) to order that no conveyance of any Yorkfield II lot be made until a subdivision plan is submitted in conformity with current ordinances, and (3) to declare that Yorkfield II is subject to existing township zoning, subdivision, and other ordinances. Appellees filed preliminary objections, seeking, among other, lesser relief, that the complaint be dismissed by demurrer.

The common pleas court granted the demurrer, finding that the Board's request for declaratory relief was not appropriate. First, the court noted that no actual or imminent controversy existed. Appellees merely conveyed lots among themselves; no effort had been made to develop the lots in a manner nonconforming to existing ordinances. Second, the common pleas court noted that if Appellees pursued development, they would need approval from the Board or the township zoning board, thus making prior declaratory relief at common pleas level inappropriate. The Board appealed.

▪ This Court's scope of review when reviewing a trial court order sustaining preliminary objections in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law. A demurrer should not be sustained unless it is clear that the law will not permit the relief sought. *Suppan v.*

---

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508(4)(ii).

*Kratzer,* 660 A.2d 226 (Pa.Cmwlth.1995), *petition for allowance of appeal denied,* 546 Pa. 659, 684 A.2d 560 (1996).

Section 7541(a) of the Declaratory Judgments Act (Act), 42 Pa.C.S. § 7541(a), provides that the purpose of the Act "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered." Section 7541(c) of the Act, however, provides in part that relief shall not be available under the Act for any "[p]roceeding within the exclusive jurisdiction of a tribunal other than a court" or any "[p]roceeding involving an appeal from an order of a tribunal." 42 Pa.C.S. § 7541(c). Further, declaratory judgment relief requires the presence of antagonistic claims indicating imminent and inevitable litigation coupled with a clear manifestation that the declaration will be of practical help in ending the controversy. *Gulnac v. South Butler County School District,* 526 Pa. 483, 587 A.2d 699 (1991). This relief cannot be used in anticipation of events that may never occur or for rendering an advisory opinion that may prove to be purely academic; there must be a real controversy. *Id.* Finally, the grant of a declaratory judgment is not a matter of right, but a matter of the court's discretion. *Id.*

■ Based upon these standards, it is clear that the common pleas court did not err or abuse its discretion by granting the demurrer. As that court noted, all that occurred was a transfer of lots among Appellees; no attempt has been made to develop the lots. Therefore, no actual controversy is identified. When and if Appellees choose to develop the lots, Appellees must, of course, approach the Board or the local zoning hearing board for the necessary approvals. Therefore, any issue regarding the future status of the lots must necessarily be determined at the local administrative level. Fur-

ther, although the Board argues that declaratory judgment is proper because it contends that the transfer of the lots violates the Township's subdivision and zoning ordinances as well as the MPC, the Board fails to state any particular provision that renders the transfers violative of local law and, more significantly, fails to state why any violation cannot be addressed first by local administrative action.[2] Accordingly, declaratory judgment relief is unavailable to the Board where the Board fails to identify an imminent controversy, where any issue regarding the matters complained of would undoubtedly be addressed first at the local administrative level, and where declaratory judgment relief would merely serve as an advisory opinion for the local administrative bodies.

The Board cites *York–Green Associates v. Board of Supervisors of South Hanover Township,* 87 Pa.Cmwlth. 93, 486 A.2d 561 (1985), as supporting their right to seek declaratory relief. The issue in *York–Green,* however, was whether a developer could force a governing body to issue building permits for a partially undeveloped subdivision by writ of mandamus, when the developer did not appeal the decision denying the permits. Under the circumstances of the case, this Court determined that the developer could not obtain a writ of mandamus. In dicta, however, we noted that since the developer claimed rights under a written agreement it had with the local board of supervisors it could file a declaratory judgment action to determine those rights, evidencing another remedy for the developer aside from a mandamus action. This case is therefore clearly distinguishable from the present one where no contract is identified between or among Appellees and the Board that may provide rights or privileges beyond those of the typical relationship between landowner and local administrative body.

2. The Board argues that the provisions of Section 508(4)(ii) of the MPC has extinguished the subdivision. This argument is clearly incorrect. That section only provides a developer a five-year window to develop an approved subdivision without compliance with subsequent changes in local ordinances that occur during that time. The end of the five-year period does not render null and void the subdivision approval; it merely subjects the subdivision to the requirements of current ordinances. A developer is always free to apply for a variance from any new requirements imposed by a change in an ordinance. *See Minnick v. Zoning Hearing Board Town of McCandless,* 71 Pa.Cmwlth. 333, 455 A.2d 243 (1983).

Accordingly, the order of the common pleas court is affirmed.

### ORDER

**AND NOW,** this 16th day of May, 1997, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is **AFFIRMED.**