Gerald J. Davies, Appellant *v.* The Zoning Hearing Board of Ross Township, Appellee.

Argued May 7, 1981, before Judges MENCER, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Jay D. Glasser, Hollinshead and Mendelson,* for appellant.

*William W. Milnes, Brandt, Milnes, Rea & Wagner,* for appellee.

OPINION BY JUDGE PALLADINO, September 16, 1981:
This is an appeal from an order of the Court of Common Pleas of Allegheny County which affirmed a decision of the Zoning Hearing Board of Ross Township (Board) denying Appellant's request for several dimensional variances. We will remand.

Appellant is the owner of an undeveloped, roughly triangular, .404 acre plot of land located in an area of

Ross Township, Allegheny County, zoned C-2 General Commercial. A Ross Township ordinance requires all properties located in C-2 General Commercial zones to have at least a 30-foot front yard setback, a 10-foot side yard setback, and a 20-foot rear yard setback. Since he could not meet these requirements, Appellant applied to the Board on March 23, 1978, for a 10-foot front yard variance, a 3-foot side yard variance, and an 8-foot rear yard variance to permit the erection of a proposed 40 by 75 foot two-story office building on his property.

At a hearing before the Board conducted on April 12, 1978, Appellant's representative, Mr. Marziale, testified that if Appellant was forced to comply with the township's setback requirements, he would only be able to construct a building on his property with a width of 18 feet or less, a width which Mr. Marziale alleged was unreasonably narrow. Mr. Marziale also noted in his testimony that the Board had granted variances in 1971 identical to those being requested by the Appellant to permit the construction of an office building on Appellant's property, but that the building had not been constructed prior to the expiration of these variances. Before any additional evidence concerning this prior grant of variances could be offered into evidence, however, Mr. Marziale was informed by the Board that they did not consider such evidence to be relevant to the question of whether Appellant's current variance requests should be granted.

After evaluating the evidence produced at the hearing, the Board issued a decision dated April 14, 1978, which we shall quote in its entirety:

The Ross Township Zoning Hearing Board finds that insufficient testimony has been presented to show a hardship and hereby denies the variances as requested in the above captioned appeal.

On appeal, the court of common pleas affirmed without taking any additional evidence, and the present appeal followed.

Before this Court, Appellant alleges, as he alleged below, (1) that the Board improperly failed to consider the effect of its prior grant of variances, and (2) that the Board abused its discretion by not granting the requested variances. Since we find merit in Appellant's first argument, we will remand.

In zoning cases where, as here, the lower court has taken no additional evidence, our scope of review is limited "to a determination of whether or not the Board committed an abuse of discretion or an error of law." *Timber Place Associates v. Plymouth Township Zoning Hearing Board,* 59 Pa. Commonwealth Ct. 582, 585, 430 A.2d 403, 405 (1981).

It is well established that "[a] landowner is entitled to a variance only where he establishes that the zoning regulation uniquely burdens the property so as to create an unnecessary hardship and that the variance does not adversely affect the health, safety or welfare of the community." *Borough of Emmaus v. Schuler,* 48 Pa. Commonwealth Ct. 100, 102, 409 A.2d 444, 445 (1979); *Township of Salisbury v. Rummel,* 44 Pa. Commonwealth Ct. 581, 406 A.2d 808 (1979). We have also held, however, that when a zoning hearing board has granted a variance, and that variance has expired, it may not deny a second application for the same variance absent findings, based on relevant new evidence, that the variance is no longer warranted. *Grace Building Co., Inc. v. Hatfield Township,* 16 Pa. Commonwealth Ct. 530, 329 A.2d 925 (1974).

In the present case it is clear that the Board erred as a matter of law by both failing to permit the introduction of evidence concerning its prior grant of variances, and by failing to consider the effect of its prior grants of variances, if any, on Appellant's current

variance requests. Accordingly, we believe that it is necessary to remand this case to the Board to give Appellant the opportunity to introduce evidence concerning the Board's prior grant of variances, and to permit the Board to consider the effects of its prior grant of variances, if any, on Appellant's current variance applications.

Accordingly, we enter the following

ORDER

AND Now, September 16, 1981, the order of the Court of Common Pleas of Allegheny County, dated July 21, 1980, is reversed, and that court is hereby ordered to remand the record herein to the Zoning Hearing Board of Ross Township for proceedings consistent with the above opinion.