636 A.2d 288

**TOWNSHIP OF HARRISON, Appellant,**

v.

**Gregory R. SMITH.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1993.

Decided Dec. 30, 1993.

Philip V. McCalister, for appellant.

Gregory R. Smith, pro se.

Before COLINS and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

The Township of Harrison (Township) appeals from an order of the Court of Common Pleas of Allegheny County, that reversed the Harrison Township Zoning Hearing Board's (ZHB) decision, denying Gregory R. Smith's (Smith) request for a variance. We affirm.

Smith originally sought a variance in 1989 to build a structure to house an automobile sales, service and repair shop on an irregularly-shaped corner lot located in a B–1 business district that borders on an R–1 single family residential dis-

trict.[1]  At the time of purchase, Smith razed the existing garage and then applied for a building permit. The zoning officer determined that the ordinance provisions, if strictly applied, left no area upon which to build; thus, a dimensional variance was needed to enable reasonable use of the property.

Specifically, the Township's zoning ordinance requires that all lots in a B–1 district have a fifty foot front yard setback and seventy foot setbacks for side and rear yards, if the property abuts a lot in an R–1 district. Because the impact of these setback requirements prohibited Smith from building on his lot, the ZHB granted Smith a dimensional variance that reduced the front setback requirement to twenty-six feet and the side and rear yard setbacks to fifteen feet. The variance, however, included a condition that no vehicle repair, body work or painting could be conducted on the property. Smith took no appeal from the ZHB's grant of this variance and used the property as a location for a used car business.

In January 1991, Smith filed a second variance request which, if permitted, would lift the condition imposed in the 1989 variance and allow Smith to use his proposed structure to include automobile and mechanical repair. His proposed structure in this second variance request reduced the size of the building and increased the setbacks, allowing a greater buffer area. The ZHB denied this second variance, although again concluding that a variance was necessary for a reasonable use of the property, but that the 1989 variance constituted the minimum necessary to afford relief while preserving the public welfare. The ZHB also concluded that, because Smith failed to appeal the 1989 variance, his present attempt to have the ZHB remove the condition was precluded by *res judicata*.

Smith appealed and the trial court, without taking evidence, reversed the ZHB's decision, instructing it to grant Smith's variance request. Although the trial court did not discuss the Township's argument concerning *res judicata*, it concluded that the ZHB improperly prohibited a permitted use.

1. Automobile sales, service and repair are permitted uses under the ordinance in the B–1 zoning district.

On appeal to this Court,[2] the Township argues that the ZHB's decision represented the minimum necessary to afford relief to the property owner and that the conditions imposed by the ZHB were proper. However, as the trial court noted, "[t]he critical issue ... is whether a zoning board, in granting a variance, has the power to impose conditions that deprive a property owner of an otherwise permitted use under the zoning ordinance?" (Trial Court Opinion, p. 3.)

In order to qualify for a variance, a property owner must establish that:

(1) an unnecessary hardship will result if the variance is denied, due to unique physical circumstances or conditions of the property; (2) because of such physical circumstances or conditions the property cannot be developed in strict conformity with the provisions of the zoning ordinance and a variance is necessary to enable the reasonable use of the property; (3) the hardship is not self-inflicted; (4) granting the variance will not alter the essential character of the neighborhood nor be detrimental to the public welfare; and (5) the variance sought is the minimum variance that will afford relief.

*Birmingham Township v. Chadds Ford Tavern,* 132 Pa.Commonwealth Ct. 312, 319–20, 572 A.2d 855, 858 (1990). *See also* Section 910.2(a) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10910.2(a). Additionally, Section 910.2(b) of the MPC, 53 P.S. § 10910.2(b), states that "[i]n granting any variance, the board may attach such reasonable conditions and safeguards as it may deem necessary to implement the purposes of this act and the zoning ordinance."

2. Our scope of review of a decision of a zoning hearing board where a trial court takes no additional evidence is limited to a determination of whether the zoning hearing board abused its discretion or committed an error of law. *Valley View Civic Assoc. v. Zoning Hearing Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). A zoning hearing board abuses its discretion if its findings are not supported by substantial evidence. *Id.* Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

The ZHB found that Smith met the first three criteria listed above; we agree. Although the fourth criteria concerning whether the grant of the variance would alter the essential character of the neighborhood was not directly addressed by the ZHB, the testimony from neighbors about their concerns is not enough on which to base a denial of the variance. The ZHB then addressed the fifth criteria, stating that the 1989 variance represents the least modification to afford relief to the property owner. The trial court succinctly pointed out the ZHB's error, in that Section 910.2(a)(5) of the MPC, 53 P.S. § 10910.2(a)(5), refers to "the least modification possible of the regulation in issue." We agree with the trial court's reasoning. The regulation in the ordinance at issue here concerns setbacks and not uses; thus, the ZHB can impose conditions that allow the least modification of the setback requirements, but cannot impose conditions irrelevant to those regulations. Thus, we conclude that the trial court correctly evaluated the evidence and granted the variance, giving relief from the ordinance setback requirements.

The Township next argues that the doctrine of *res judicata* precludes Smith from challenging the validity of the conditions imposed on the 1989 variance because Smith failed to appeal from that initial grant of a variance. This argument is two fold; whether *res judicata* applies and whether Smith is precluded from challenging the condition without showing a change in circumstances.

Although *res judicata* is sparingly applied in zoning cases, it may be employed if four elements exist: "(1) the identity of the things sued for; (2) the identity of the cause of action; (3) the identity of the persons and parties to the action; and (4) the identity of the quality in the persons for or against whom the claim is made." *Grim v. Borough of Boyertown*, 141 Pa.Commonwealth Ct. 427, 432, 595 A.2d 775, 778 (1991). The Township failed to demonstrate that these elements exist. In fact, the Township admits that the second variance request differs dimensionally from the first, although it characterizes the change as de minimis. The plan presented

in the second variance request reduces the structure size by fifty percent and increases the setback measurement.

The Township next argues that Smith's request is in reality an untimely appeal of the initial variance. We disagree. The Township correctly cites *Atlantic Richfield Co. v. Marshall Township Board of Supervisors*, 74 Pa.Commonwealth Ct. 100, 459 A.2d 860 (1983) and *Babin v. City of Lancaster*, 89 Pa.Commonwealth Ct. 527, 493 A.2d 141 (1985), for the proposition that a party waives its right to seek review of conditions imposed by a zoning hearing board if that party has failed to follow the procedure set out in the MPC.[3] However, this case law is inapposite because Smith's request is for a new variance.

The Township also asserts that based on *U.S. Aluminum Corp. Appeal*, 123 Pa.Commonwealth Ct. 376, 553 A.2d 1046 (1989), Smith must evidence a change in circumstances. In *U.S. Aluminum* the court noted that "there are circumstances which allow an applicant to seek modification of conditions attached to an unappealable special exception if there has been a subsequent, substantial change in conditions incident to the land itself." *Id.* at 380, 553 A.2d at 1048. Based on this language from *U.S. Aluminum*, the Township contends that Smith is prohibited from requesting that the condition barring his use of his property for automobile and mechanical repair be lifted, because he failed to prove a substantial change in circumstances.

Although the Township recognizes that *U.S. Aluminum* involves a special exception and here a variance is at issue, it ignores the fact that the condition placed upon United States Aluminum Corporation regulates the hours of operation of a shredder and does not prohibit a permitted use. The zoning board had granted a special exception from setback requirements, but limited the shredder's use to set hours; it did not deny the use.

**3.** Section 1002–A of the MPC, 53 P.S. § 11002–A provides that "[a]ll appeals from all the land use decisions . . . shall be taken to the court of common pleas of the judicial district wherein the land is located and shall be filed within 30 days after entry of the decision. . . ."

The major distinction between *U.S. Aluminum* and the case at issue here is that here the ZHB prohibited a use that is permitted in the zoning district; it did not just place a condition on a use. If Smith was only seeking relief from a condition limiting a permitted use, he would have needed to show a change in circumstances. *Id.* We hold that the relief Smith seeks concerns a use that he is entitled to under the ordinance and, as such, he does not need to show changed circumstances in order to obtain relief from the ZHB's unauthorized action.

Accordingly, for the reasons stated above we affirm the order of the trial court.

## ORDER

NOW, December 30, 1993, the order of the Court of Common Pleas of Allegheny County at S.A. 3415–91, dated November 18, 1992, is affirmed.