# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re:  Appeal by Vladimir Atamanenko and Isak Ginsburg from the January 25, 2022 Decision of the Zoning Hearing Board of Warminster Township

Appeal of:  Vladimir Atamanenko and Isak Ginsburg

:
:
:
:
:
:
:
:
:

No.  341 C.D. 2023

Argued:  April 9, 2024

BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                   **HONORABLE LORI A. DUMAS,** Judge
                   **HONORABLE MATTHEW S. WOLF**, Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER**      **FILED: May 16, 2024**

Vladimir Atamanenko and Isak Ginsburg (Appellants) appeal an Order of the Court of Common Pleas of Bucks County (trial court) that affirmed the decision of the Warminster Township Zoning Hearing Board (ZHB), which denied Appellants' second application for variance relief from Chapter 27 of the Warminster Township Code of Ordinances (Ordinance).[1]  Appellants argue that under the doctrines of res judicata and collateral estoppel, the ZHB may not deny Appellants' second application for variance relief because the ZHB had granted Appellants' first application and Appellants' second application requests similar relief.  Further, Appellants argue the ZHB did not have substantial evidence to deny their second application.  After review, we affirm.

---

[1] Warminster Twp., Bucks Cnty., Pa., Zoning Ordinance (2021).

# I.    BACKGROUND

In November 2020, Appellants submitted their first application for variance relief from the Ordinance to build two twin dwellings consisting of four units on a parcel of land in Warminster Township (Township), Bucks County (Property) (First Application).  The ZHB held a hearing on December 23, 2020 (First Application Hearing) and issued its decision granting Appellants relief on January 14, 2021 (2020 ZHB Decision).[2]  (2020 ZHB Decision, Findings of Fact (FOF) ¶¶ 1, 7, 10.) The Property is vacant, is unimproved, fronts a four-lane arterial highway (Street Road), is between a park owned by Township and a parking lot owned by CM Bucks Landing, and is in a R-4 Residential Zoning District.  (*Id*. ¶¶ 1, 4, 6-7, 21.)  The ZHB explained that the First Application sought four variances:

> A variance from Section 27-702.A.(2).(b)[, Ordinance § 27-702.A.(2).(b),] to permit a two-family dwelling with a lot width of 37.5 feet when 50 feet is required.
>
> A variance from Section 27-2006.A.1 and Section 27-703[, Ordinance §§ 27-2006.A.1, 27-703,] so as  not to require [Appellants] to install a buffer between the Property and a neighboring Gov[ernment] Zoning District.  A buffer of not less than 50 feet is required.
>
> A variance from Section 27-2019.2.A.[, Ordinance § 27-2019.2.A.,] to permit a building to be constructed 50 feet from the [r]ight-of-way when 100 feet is required.

---

[2] Although the Board granted the First Application and issued its decision in 2021, the Board refers to that decision as the 2020 ZHB Decision, as does the trial court.  For consistency, we will also refer to the ZHB's granting of the First Application as the 2020 ZHB Decision.  The 2020 ZHB Decision can be found at pages 155 through 165 of the Reproduced Record.  We note that Appellants did not comply with Rule 2173 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2173, requiring that pages of a reproduced record be numbered with a lower case "a." We will refer to the pages of the Reproduced Record as Appellants do for consistency.

A variance from Section 27-2019.2.B.[, Ordinance § 27-2019.2.B.,] to permit parking to be constructed adjacent to the [r]ight-of-[w]ay when 50 feet is required.

(*Id.* ¶ 20.) In deciding to grant those variances, the ZHB explained:

The [ZHB] is granting the requested relief with conditions based on the exhibits and testimony presented to the [ZHB]. If there [are] any revisions to the testimony or exhibits, [Appellants] must return to the [ZHB] and request the relief granted herein again and request any other applicable relief required because of the changes to the exhibits or testimony. It is the intent of the [ZHB] to grant relief only for what was presented to the [ZHB] at the [First Application] Hearing as to the development of the Property.

[. . . .]

The requested zoning relief is dimensional in nature and [Appellants] demonstrated entitlement to the requested relief as the Property is narrow and is in a commercial area with a Township Park Property adjacent to it. The requested relief is the minimum to afford relief. The [ZHB] is satisfied that what is proposed will not be detrimental to the public health, safety and welfare of the surrounding neighborhood subject to certain conditions.

(*Id.* ¶ 44, Discussion.) Those conditions were as follows:

(1) Any revisions to the exhibits presented will require [Appellants] to come back to the [ZHB] for relief, which relief shall include all the relief granted herein, so if [the Pennsylvania Department of Transportation] does not approve the [First Application] as shown, [Appellants] must come back to the [ZHB] and request the relief as set forth herein and any other relief required because of the change in exhibits.

(2) From the front of the buildings to the back of the Property and along the rear property line, [Appellants] shall have a planting of arborvitae

3

on all three [] sides of the [P]roperty which shall be maintained and replaced if it dies.

(3) [Appellants] shall proceed in substantial conformance with the testimony and exhibits presented at the [First Application] Hearing.

(4) That in all other respects, [Appellants] shall comply with all provisions of the statutes, laws, regulations, rules, codes and ordinances of the United States, Commonwealth of Pennsylvania, Warminster Township and any other municipal entity having jurisdiction over this matter.

(*Id*., Order.) The ZHB imposed conditional relief because it wanted to "meet its obligation to protect the general welfare[] and to insure that the use of the Property conforms with the Ordinance[] to the fullest extent possible." (*Id*., Discussion.) The ZHB emphasized these conditions were "strict" and were "agreed to" by Appellants. (*Id*.) Further, "[a]ny deviation from the relief requested would require the grant of further variances or other relief from the [ZHB]." (*Id*.)

Appellants thereafter had conversations with Township pursuant to the Subdivision and Land Development Ordinance (SALDO). Following those discussions, Appellants applied for additional variances from the Ordinance (Second Application). The ZHB held a hearing on the Second Application (Second Application Hearing) on December 22, 2021, at which Vince Fioravanti, Appellants' engineer (Fioravanti), and Atamanenko testified on behalf of Appellants. The ZHB posed several questions regarding safety as the Property is in close proximity to Street Road, and Moishe Lichtenstein, an Apartment Property Manager for the Rose Place Apartments (Property Manager), which are adjacent to and behind the Property, also appeared and asked questions about the development plans for the Property and raised various safety concerns regarding traffic and children traversing

4

the Property. (Second Application Hearing Transcript (HT) at 43-52.[3]) The ZHB also questioned Appellants about alternative development of the Property. Counsel for Appellants explained that "[t]echnically, you could make a single-family dwelling work here[,]" but reasoned that a single-family dwelling likely would not sell. (*Id.* at 27-29.)

The ZHB denied the Second Application and issued its written decision on January 25, 2022 (2022 ZHB Decision).[4] The ZHB explained that in total, Appellants sought variances from:

> Section 27-702.1.A.(2).(b) [of the Ordinance, Ordinance § 27-702.1.A.(2).(b),] to provide less than the required lot width; from Section 27-2006.1.A [of the Ordinance, Ordinance § 27-2006.1.A,] requiring buffering between non-residential and residential districts/uses; from Section 27-2019.2.A[] to provide less than the required setback from Street Road; from Section 27-2019.2.B[] to provide less than the required setback from Street Road for parking areas; from Section 27-2202.4.A[ of the Ordinance, Ordinance § 27-2202.4.A,] to permit parking spaces closer to a property line; from Section 27-2014.5 [of the Ordinance, Ordinance § 27-2014.5,] to permit driveways in front yards closer to a property line; from Section 27-702.1.C [of the Ordinance, Ordinance § 27-702.1.C,] to permit more impervious coverage than permitted; and from Section 27-702.1.A.(2)(a) to permit less than the required square footage per unit[.]

(2022 ZHB Decision, FOF ¶ 1.) Four of these variances were included in the First Application and granted in the 2020 ZHB Decision.

The ZHB recounted that "[s]ince the 2020 ZHB Decision, [Appellants] [] met with Township staff to discuss design requirements under the [SALDO,] which resulted in the [Second] Application." (*Id.* ¶ 20.) Appellants described to the ZHB

---

[3] The Second Application Hearing Transcript is in the Reproduced Record at pages 2 through 55.

[4] The 2022 ZHB Decision is in the Reproduced Record at pages 109 through 113.

that they merged the driveways for lots one and two and for lots three and four "such that [four] curb cuts are now condensed into a total of [two] curb cuts for the [four] units." (*Id.* ¶ 22.) Additionally, "Township requested an easement be provided to the stormwater management facility located at the rear of the proposed dwelling units[,]" and "[t]he deduction of this easement area necessitated [two] of the variances, namely the undersized lot request and the request for an increase in impervious surface." (*Id.* ¶ 23.) The ZHB found that "[b]eing zoned R-4, the Property can be utilized as a single-family detached dwelling, a [two]-family dwelling or townhouses, along with the other uses delineated in the District" rather than the two twin dwellings Appellants proposed. (*Id.* ¶ 25.) Also, "Property Manager . . . appeared at the [h]earing and asked numerous questions regarding the distance between the apartments and the [] Property," and Property Manager "raised concerns about children traversing the Property and requested the inclusion of a fence along the rear yards." (*Id.* ¶ 26.)

The ZHB explained that "[a]n [a]pplicant for a variance bears the burden of meeting the requirements set forth in [Section] 910.2 of the Pennsylvania Municipalities Planning Code[(MPC), 53 P.S. § 10910.2.[5]]" (*Id.*, Discussion.) The ZHB stated that it

> has safety concerns relative to the ingress and egress to the Property. Although the proposal is similar relative to the units proposed on the Property as in the 2020 ZHB Decision, the [ZHB] is not satisfied that the minimum relief necessary to afford reasonable use of the Property has been requested. The list of variances has only grown since the 2020 ZHB Decision such that a less intensive use would yield fewer

---

[5] Act of July 31, 1968, P.L. 805, *as amended*, added by Section 89 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2.

variances. Alternatives to the [Second] Application are available to [Appellants].

(*Id.*) In its Conclusions of Law, the ZHB explained:

> Although the [ZHB] is mindful that the Property is unique in that it is zoned R-4, surrounded by commercial zoning districts and located on an arterial road, no testimony was provided relative to any hardship preventing use of the Property in accordance with the [] Ordinance. The [ZHB] can readily see that the minimum relief necessary to afford reasonable use of the Property was not requested with the [Second] Application. The [ZHB] does not need to look further into the other elements of a variance therefore.

(*Id.*, Conclusions of Law). Accordingly, the ZHB denied all variances requested in the Second Application.

Appellants timely appealed to the trial court, and Township intervened. The trial court did not take any additional evidence but allowed an oral argument. The trial court issued its Order dismissing Appellants' appeal and affirming the 2022 ZHB Decision, along with an accompanying opinion explaining its reasoning, and Appellants timely filed a notice to appeal. Appellants then filed their Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b) (Statement), contending, *inter alia*, that the trial court erred as a matter of law or abused its discretion in affirming the 2022 ZHB Decision because the ZHB was bound by the findings of fact and conclusions of law in the 2020 ZHB Decision, the doctrines of res judicata and/or collateral estoppel applied, and the ZHB did not have substantial evidence to deny Appellants' Second Application. (Statement ¶¶ 3(a)-(j).)

In its Rule 1925(a) Opinion, the trial court first explained that the doctrines of res judicata and collateral estoppel do not apply because Appellants sought additional variances in their Second Application, making the relief requested in the

7

Second Application different from the First Application. (Trial Court Opinion (Trial Ct. Op.) at 13.) The trial court further stated Appellants' "position wholly ignores the fact that the initial relief granted by the ZHB [in the 2020 ZHB Decision] was conditional" and "that if there were going to be **any** changes, [Appellants] had to return to the ZHB and request relief, **including the initial relief that already was granted**[.]" (*Id*. at 14 (emphasis in original).) Because the ZHB imposed "strict" conditions in the 2020 ZHB Decision, including that any revisions would require Appellants to return to the ZHB for relief, even the relief granted in the 2020 ZHB Decision, the trial court concluded "[t]o accept that the doctrine of res judicata and/or collateral estoppel applies to bind the ZHB to the relief it granted initially requires this [c]ourt to ignore the existence of these explicit conditions[,]" which it was unwilling to do. (*Id*. at 14-15 (italics omitted).)

The trial court then discussed Appellants' argument that the ZHB was bound to follow its previous findings of facts and conclusions of law from the 2020 ZHB Decision and, as such, it did not have substantial evidence to support an opposite conclusion in the 2022 ZHB Decision. The trial court explained that given the additional variances requested in the Second Application,

> the ZHB necessarily would have to perform a further analysis of the factors set forth under [Section] 910.2 of the [MPC,] . . . including making a determination as to whether, **given the additional requested relief**, an unnecessary hardship had been created by [Appellants], whether the requested relief is the minimum necessary to afford relief, and whether the relief sought would be detrimental to the public welfare.

(*Id*. at 16 (emphasis in original).) The trial court mentioned that under *Hertzberg v. Zoning Board Adjustment of the City of Pittsburgh*, 721 A.2d 43, 49 (Pa. 1998), there is a relaxed standard for establishing an unnecessary hardship for a dimensional

8

variance; however, establishing an unnecessary hardship is still a requirement. (*Id.* at 17-18.) Because the ZHB found that there were alternative plans available that would allow Appellants to develop the Property in conformity with the Ordinance, the trial court reasoned Appellants did not establish an unnecessary hardship. The trial court further explained the ZHB also had safety concerns relative to ingress and egress and children traversing the Property. (*Id.* at 18-19.) In sum, the trial court concluded that "[o]nce [Appellants] chose to submit [the Second Application], the conditions imposed on the relief previously granted [in the 2020 ZHB Decision] triggered the ZHB's right to revisit **all** of the factors required to be considered for variance relief[.]" (*Id.* at 19 (emphasis in original).) Therefore, the trial court recommended that Appellants' appeal be denied and the 2022 ZHB Decision affirmed.

Before this Court,[6] Appellants argue,[7] as they did before the trial court, that the ZHB is bound by the 2020 ZHB Decision, rendering the 2022 ZHB Decision denying relief erroneous under the doctrines of res judicata and/or collateral estoppel

---

[6] Where the trial court takes no additional evidence, our review

> is limited to determining whether the zoning board committed an abuse of discretion or an error of law in rendering its decision. . . . We may conclude that the [ZHB] abused its discretion only if its findings are not supported by substantial evidence, which we have defined as relevant evidence which a reasonable mind would accept as adequate to support the conclusion reached. . . . An appellate court errs when it substitutes its judgment on the merits for that of a zoning board.

*In re Garcia*, 276 A.3d 340, 347 n.4 (Pa. Cmwlth. 2022) (internal citations and quotation marks omitted).

[7] We have reorganized Appellants' arguments for ease of discussion.

and establishing that the ZHB did not have substantial evidence to deny Appellants' Second Application. We address these arguments in turn.

## II. DISCUSSION

### A. Res Judicata/Collateral Estoppel

#### 1. *Parties' Arguments*

Appellants maintain that the trial court erred in affirming the 2022 ZHB Decision because the doctrines of res judicata and collateral estoppel prevent the ZHB from denying relief where it granted similar relief in the 2020 ZHB Decision. Appellants argue that "the issues decided by the [2020 ZHB Decision] were identical to those presented and decided within the [2022 ZHB Decision,]" and therefore, the doctrines of res judicata and collateral estoppel preclude the ZHB from denying Appellants relief. (Appellants' Brief (Br.) at 32.) Appellants also cite *Omnivest v. Stewartstown Borough Zoning Hearing Board*, 641 A.2d 648 (Pa. Cmwlth. 1994), and *8131 Roosevelt Corp. v. Zoning Board of Adjustment of City of Philadelphia*, 794 A.2d 963 (Pa. Cmwlth. 2002), for the proposition that "res judicata applies until a variance expires under [an] ordinance. The binding nature of the variance is not limited to just the variance itself, but also to the existence of unnecessary hardship or lack of adverse impact on the neighborhood[.]" (*Id*. at 30 (internal quotation marks and italics omitted).) Because the 2020 ZHB Decision had not yet expired under the Ordinance, Appellants assert res judicata applies to prevent the ZHB from denying relief in the 2022 ZHB Decision.

The ZHB responds that the trial court properly concluded that neither res judicata nor collateral estoppel apply to this matter. Citing *Fowler v. City of Bethlehem Zoning Hearing Board*, 187 A.3d 287 (Pa. Cmwlth. 2018), the ZHB

10

states that res judicata will not apply where the scope of the proposed project changes. (ZHB's Br. at 15.) Because the relief sought in the Second Application differs from the First Application, the ZHB contends res judicata is inapplicable. (*Id*. at 15-16.) Further, the ZHB asserts the 2020 ZHB Decision made clear that the relief therein was subject to strict conditions, including that if Appellants changed anything about their plans, Appellants must return to the ZHB and request relief, including the relief granted in the 2020 ZHB Decision, rendering res judicata and collateral estoppel inapplicable. (*Id*. at 19-21.)

Township likewise argues that the doctrines of res judicata and collateral estoppel do not apply to this matter because "Appellants made changes to their plans that rendered the prior relief granted moot." (Township's Br. at 9.) Specifically, Township argues Appellants merged the driveways, added decks and walkways, and changed the location of the buildings due to an access easement for the stormwater management basin. (*Id*. at 10.) Township also reiterated that the relief granted in the 2020 ZHB Decision was conditional. (*Id*. at 11.)

### 2. *Analysis*

The doctrine of res judicata is rarely applied in zoning cases due to the need for flexibility, which outweighs the risk of repeated litigation. *Fowler*, 187 A.3d at 294-95. The following elements must concur for res judicata to apply:

> (1) the identity of the thing sued for; (2) the identity of the cause of action; (3) the identity of the persons and parties to the action; and (4) the identity of the quality in the persons for or against whom the

claim is made, and then, only if there are no substantial changes in circumstances relating to the land itself.

*Callowhill Ctr. Assocs. LLC v. Zoning Bd. of Adjustment*, 2 A.3d 802, 809 (Pa. Cmwlth. 2010). The doctrine of res judicata subsumes the doctrine of collateral estoppel, which applies if

> (1) the issue previously decided is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) there was a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

*Fowler*, 187 A.3d at 295 (citing *Callowhill*, 2 A.3d at 809).

In *Fowler*, this Court held that neither the doctrine of res judicata nor the doctrine of collateral estoppel applied because the applicant therein expanded the theory and scope of their application for zoning relief. *Id*. at 296. In 2013, the applicant requested a special exception under the local ordinance and, alternatively, a use variance to convert a single-family residence into an office, maintain two retail spaces, and maintain two apartments, which was denied. In 2016, the applicant sought a special exception under a different article of the local ordinance, and, alternatively, a use variance to convert the single-family residence into one commercial office space and one apartment. *Id*. at 290. In its analysis, the Court explained:

> [A] change in theory [will] prevent[] the application of res judicata. *Harrington* [*v. Zoning Hearing Bd. of East Vincent Twp.*, 543 A.2d 226, 228 (Pa. Cmwlth. 1988)]. In *Harrington*, we explained **that while the second application retained some of the elements of the original application**, the theory of the second application was more expansive; therefore, res judicata did not apply. *Id*. We reached a similar result in *Township of Harrison v. Smith*, . . . 636 A.2d 288 ([Pa. Cmwlth.] 1993).

12

In that case, we noted that the second variance request differed dimensionally from the first. *Id*. at 290. Because the second application reduced the size of the structure by half and increased the setback measurements, we held res judicata did not bar the subsequent application. *Id*. Likewise, in *Bell v. Zoning Board of Adjustment of City of Pittsburgh*, . . . 479 A.2d 71 (Pa. Cmwlth. 1984), we concluded a subsequent zoning application differed from the first one. We explained, in the first application, the applicants sought a variance to use their property for three dwelling units, whereas, in the subsequent application, the applicants sought to use the property for only two dwelling units and also sought to avoid the side yard, lot size, and parking requirements. **Thus, the relief sought in each application was not identical, and res judicata did not apply.** *Id*. at 73.

On the other hand, when the request is **identical**, we have held the doctrines of res judicata and/or collateral estoppel apply. In *Callowhill*, for instance, we held a final determination in a prior case barred a second application when the variance sought was for the same size and type of sign. 2 A.3d at 809; *see also Jacquelin v. Zoning Hearing Bd. of Hatboro Borough*, . . . 620 A.2d 554, 572-73 (Pa. Cmwlth. 1993) (applying both doctrines when the 1991 application was identical to the 1987 application, seeking a determination that the subject property is in a residential district or, alternatively, a variance); *Namcorp, Inc. v. Zoning Hearing Bd. of Horsham Twp.*, . . . 558 A.2d 898, 901 (Pa. Cmwlth. 1989) (res judicata barred second application where variance was same as that sought earlier).

*Fowler*, 187 A.3d at 295 (emphasis added). The Court further noted:

A review of our precedent shows that the physical characteristics of the land do not have to change. As the cases discussed above illustrate, **the relevant change is the scope of the proposed project**. *Twp. of Harrison*, 636 A.2d at 290 (second application differed dimensionally); *Harrington*, 543 A.2d at 228 (second application was more expansive); *Bell*, 479 A.2d at 73 (reduction from three dwelling units to two); *see also Domeisen v. Zoning Hearing Bd. of O'Hara Twp.*, 814 A.2d 851 (Pa. Cmwlth. 2003) (first application proposed 300 percent increase in floor area compared to 129 percent increase in second application); *Serban v. Zoning Hearing Bd. of City of Bethlehem*, . . . 480 A.2d 362, 364 ([Pa. Cmwlth.] 1984) (reduction in scope of variance request, *inter alia*, constituted sufficient change to prevent application of res judicata). In *Church of the Saviour v. Zoning Hearing Board of*

13

*Tredyffrin Township*, in addition to a change in theory, we held a change in the type of counseling to be provided at the proposed use was sufficient to bar application of res judicata. . . . 568 A.2d 1336, 1337-38 ([Pa. Cmwlth.] 1989). There, under the original application, counseling was to be provided by a non-profit organization; under the subsequent application, counseling was to be provided by a church employee and four other counselors. *Id*. at 1337.

*Fowler*, 187 A.3d at 296 (emphasis added). The Court therefore concluded that the differences between the 2013 application and 2016 application constituted minimal identity as to the cause of action, and neither the doctrine of res judicata nor collateral estoppel applied. *Id*.

Where the granting of a variance has expired, the doctrine of res judicata will also not apply to a subsequent application, even for the same variance. *Omnivest*, 641 A.2d at 652. In *Omnivest*, the zoning board initially granted a special permit and a variance to the applicant. Under the local ordinance, the applicant had to obtain a building permit or use certificate within six months from the granting of the variance, which the applicant did not do, so the variance expired. In determining that the doctrine of res judicata is inapplicable to an expired variance, the Court explained that "each variance application and case is typically 'dealt with anew and apart.'" *Id*. at 651-52. (citing *Heller v. Zoning Bd. of Adjustment*, 171 A.2d 44, 46 (Pa. 1961)). Further,

any subsequent variance application, **even one seeking the same variance for the same parcel of land**, is a **new application** and the applicant must prove **all elements** necessary to the variance. To hold otherwise **would negate the ordinance provisions limiting the duration of the variance authorization** and would create confusion in zoning matters involving expired variances.

*Id*. at 652 (emphasis added). Accordingly, res judicata did not apply to the applicant's subsequent application for the same variance because the variance had

14

expired. *Id*.; *See also 8131 Roosevelt Corp.*, 794 A.2d at 969 (holding that "two-year temporary variances issued in 1993 and again in 1996 did not purport to establish a permanent determination of unnecessary hardship or of lack of adverse impact on the neighborhood[;] [e]ach ruling was limited to a specified period" and the doctrines of res judicata and collateral estoppel did not apply).

Appellants argue that the relief sought in their applications has never changed. Appellants contend the "proposal was always to develop the property as two [] twin dwelling units. The number of units never changed, the size never changed, the orientation never changed, the setbacks never changed – **the only thing that changed was the relief that the Township considered necessary**[.]" (Appellants' Br. at 22 (emphasis added)). Although Appellants have consistently planned to construct two twin dwellings on the Property, the relief in the Second Application differed from the First Application. While the Second Application contained elements of the First Application, the Second Application requested additional variances. In short, as the trial court also identified in its esteemed Opinion, "the relief sought in each application was not identical." *Fowler*, 187 A.3d at 295. Thus, the trial court did not abuse its discretion in concluding that neither the doctrines of res judicata nor collateral estoppel apply here as the relief sought in the First Application and Second Application differed, as did the identity of the causes of action.

Appellants also argue that the 2020 ZHB Decision did not expire under Section 27-2612 of the Ordinance, which provides, in pertinent part: "**Unless otherwise specified by the [ZHB]**, a permit, special exception or variance shall expire if the applicant fails to obtain a building permit or a use and occupancy permit, as the case may be, within 18 months from the date of granting thereof." Ordinance

§ 27-2612 (emphasis added). As the well-reasoned trial court Opinion noted, the 2020 ZHB Decision **explicitly** stated the relief granted therein was conditional, and **any deviation** from the relief requested in the First Application would require the Appellants to **return** to the ZHB and request relief, **including the relief granted in the 2020 ZHB Decision**. (*See* 2020 ZHB Decision FOF ¶ 44, Discussion, Conclusions of Law, Order.) Essentially, the ZHB stated in the 2020 ZHB Decision that the relief granted therein would expire if Appellants made any changes and they would need to return to the ZHB and request relief. When Appellants submitted the Second Application, which requested additional relief, the Second Application became "anew and apart" from the First Application. *Omnivest*, 641 A.2d at 651-52. Therefore, Appellants were required to "prove all elements necessary to the variance[s]" requested in the Second Application, including the variances requested in the First Application, and neither res judicata nor collateral estoppel applied. *Id*. at 652. Having agreed with the trial court that the doctrines of res judicata and collateral estoppel do not apply, we next analyze whether the trial court abused its discretion in affirming the 2022 ZHB Decision that Appellants did not prove all elements necessary to the variances requested in the Second Application.

B. Variances

1. *Parties' Arguments*

Appellants argue the ZHB did not have substantial evidence to conclude that they did not show any unnecessary hardship and that their requested relief was not the minimum relief necessary to make reasonable use of the Property. Appellants hinge their argument on the ZHB being bound by its determinations in the 2020 ZHB Decision. Specifically, in the 2020 ZHB Decision it found Appellants established an undue hardship and there were no health, safety, or welfare concerns. Appellants

16

maintain the proposed use of the Property remained consistent: "The use is the same, the setbacks are the same, the potential traffic concerns are the same[,]" and "the only additional variances are those that apparently were required in the initial plans presented [in the First Application] and those required due to direct input from the Township." (Appellants' Br. at 24-25.) Appellants alternatively argue the ZHB did not offer any findings of fact with respect to its conclusion that Appellants did not establish that the relief sought in the Second Application represented the minimum relief necessary. (*Id*. at 25-26.) In sum, "the ZHB's conclusions are inarguably not supported by any specific Findings of Fact in the [2022 ZHB Decision] and further strike against the ZHB's own findings/conclusions issued less than one [] year prior." (*Id*. at 27.)

The ZHB responds that it had substantial evidence to deny Appellants' Second Application as "Appellants presented no evidence whatsoever at the Second Application Hearing regarding unique physical circumstances or conditions particular to the Property, or any unnecessary hardship resulting therefrom, or how any of the requested variances are necessary for the reasonable use of the Property." (ZHB's Br. at 11.) Further, the ZHB argues Appellants did not show "how the requested variances represent the minimum modification to the zoning regulations that will afford relief." (*Id*. at 12.) Because Appellants stated at the Second Application Hearing that the Property could be used as a single-family residence and this use would require "less of a modification to the [] Ordinance's provisions than the proposed four [] semi-detached residences, the ZHB [asserts it] correctly concluded that 'the minimum necessary relief necessary to afford reasonable use of the Property was not requested with the [Second] Application.'" (*Id*. at 12-13 (quoting 2022 ZHB Decision, Conclusions of Law).) The ZHB also maintains it

17

correctly determined that the variances requested in the Second Application would be detrimental to health, safety, and welfare as evidence of traffic concerns and children traversing were presented at the Second Application Hearing. (*Id*. at 13.)

Township argues Appellants did not demonstrate an unnecessary hardship as they did not request the minimum relief necessary to make use of the Property pursuant to Section 910.2 of the MPC. (Township's Br. at 5-6.) Township contends the variances "are not the result of the size or location of the [P]roperty[, rather t]hey are the result of Appellants' desire to construct two twin buildings on the [P]roperty[,] and "Appellants' reasoning for not constructing a single-family dwelling, a permitted use in the R-4 District, is that they believe it is not as likely to sell." (*Id*. at 7-8 (citing HT at 29-30).)

2. *Analysis*

Section 910.2 of the MPC provides:

(a) The board shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant. The board may by rule prescribe the form of application and may require preliminary application to the zoning officer. The board may grant a variance, provided that **all** of the following findings are made where relevant in a given case:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that

18

the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) That such unnecessary hardship has not been created by the appellant.

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

(b) In granting any variance, the **board may attach such reasonable conditions and safeguards** as it may deem necessary to implement the purposes of this act and the zoning ordinance.

53 P.S. § 10910.2 (emphasis added). "When seeking a dimensional variance within a permitted use, the owner is asking only for a reasonable adjustment of the zoning regulations in order to utilize the property in a manner consistent with the applicable regulations." *Hertzberg*, 721 A.2d at 47. "[T]he quantum of proof required to establish unnecessary hardship is indeed lesser when a dimensional variance, as opposed to a use variance, is sought," and the Court may consider various factors such as "the economic detriment to the applicant if the variance was denied, the financial hardship created by any work necessary to bring the building into strict compliance with the zoning requirements[,] and the characteristics of the surrounding neighborhood." *Id.* at 48, 50. Notwithstanding this relaxed standard, "[a]n applicant must still present evidence as to **each** of the conditions listed in the zoning ordinance, including unnecessary hardship." *Tidd v. Lower Saucon Twp. Hearing Bd.*, 118 A.3d 1, 8 (Pa. Cmwlth. 2015) (emphasis added). An applicant's

19

burden is a "heavy one, and the reasons for granting the variance must be substantial, serious[,] and compelling." *Pequea Township v. Zoning Hearing Bd. of Pequea Twp.*, 180 A.3d 500, 507 (Pa. Cmwlth. 2018) (internal quotation marks and citation omitted). In addition, "[w]here no hardship is shown, or where the asserted hardship amounts merely to a landowner's desire to increase profitability or maximize development potential, the unnecessary hardship criterion required to obtain a variance is not satisfied, even under the relaxed standard." *Lawrenceville Stakeholders v. City of Pittsburgh Zoning Bd. of Adjustment*, 247 A.3d 465, 474 (Pa. Cmwlth. 2021).

It is well settled that the ZHB is the "ultimate fact-finder and the exclusive arbiter of credibility and evidentiary weight." *Slate Hills Enters., Inc. v. Zoning Hearing Bd. of Portland Borough*, 303 A.3d 846, 855 (Pa. Cmwlth. 2023) (quoting *Joseph v. N. Whitehall Twp. Bd. of Supervisors*, 16 A.3d 1209, 1218 (Pa. Cmwlth. 2011)) (internal quotation marks omitted). The ZHB is also "entitled to deference in light of its expertise in and knowledge of local conditions." *Id.*

Contrary to Appellants' assertions, as concluded above, Appellants cannot rely on the 2020 ZHB Decision to support their Second Application because the Second Application requested additional relief. The ZHB imposed conditions on the 2020 ZHB Decision and deemed these conditions necessary to "protect the general welfare[] and to insure that the use of the Property conforms with the Ordinances to the fullest extent possible" pursuant to Section 910.2(b) of the MPC. (2020 ZHB Decision, Discussion.) Once Appellants requested additional relief, the 2020 ZHB Decision was no longer active, and Appellants were required to establish all

20

elements of Section 910.2(a) of the MPC with respect to all variance relief sought in the Second Application.[8]

In the 2022 ZHB Decision, the ZHB concluded that Appellants did not request "the minimum relief necessary to afford reasonable use of the Property" in their Second Application, and, thus, the ZHB did not need to analyze the other elements of Section 910.2(a) of the MPC.[9]  (2022 ZHB Decision, Conclusions of Law.) Relative to this conclusion, the ZHB found as fact that "[b]eing zoned R-4, the Property can be utilized as a single-family detached dwelling, a 2-family dwelling or townhouses" as opposed to the two twin dwellings that Appellants propose.  (*Id*., FOF ¶ 25.)  As the trial court correctly noted, Appellants' counsel stated at the Second Application Hearing that "[t]echnically, you could make a single-family dwelling work here."  (Trial Ct. Op. at 18 (quoting Second Application HT at 30) (internal quotation marks omitted).)[10]  As there is substantial evidence to support the

---

[8] Appellants repeatedly maintain that some of the variance requests in the Second Application were necessitated by Township, so the ZHB and Township cannot now oppose Appellants' variance relief.  (*See* Appellants' Br. at 8-12, 14-15, 22-27, 32.)  As stated by the ZHB, Appellants met with Township "to discuss design requirements under the [**SALDO**,]" and those discussions "resulted in the [Second] Application."  (2022 ZHB Decision ¶ 20 (emphasis added).).) To the extent Appellants argue that the ZHB cannot deny variance relief because some of the variances were necessitated by Township under the SALDO, those arguments are rejected because an application for variance relief from the Ordinance is considered separate and apart from the requirements under the SALDO.  *See Weiser v. Latimore Township*, 960 A.2d 924, 929-30 (Pa. Cmwlth. 2008) (concluding that land use regulation by zoning is separate and apart from planning regulation under a SALDO).

[9] The ZHB also noted that it had safety concerns, which are evident in the discussions at the Second Application Hearing regarding the Property's proximity to Street Road, and the ZHB's finding that Property Manager raised concerns about children traversing.

[10] As Township mentions, Appellants did argue at the Second Application Hearing that the Property would be difficult to sell with only a single-family dwelling.  (*See* Second Application HT at 30-31.)  However, as *Lawrenceville Stakeholders* holds, Appellants' "desire to increase profitability or maximize development potential" will not suffice to meet the unnecessary hardship standard.  247 A.3d at 474.  Appellants also do not argue on appeal that they presented this argument at the Second Application Hearing, and they do not rely upon this as a hardship.

21

ZHB's finding that Appellants had alternatives to the Second Application, the ZHB did not need to address the other elements of Section 910.2(a) of the MPC, and the trial court did not abuse its discretion in affirming the 2022 ZHB Decision that Appellants did not establish an unnecessary hardship or show that they were requesting the minimum relief necessary to make reasonable use of the Property.

## III.  CONCLUSION

In sum, the ZHB was not bound by the 2020 ZHB Decision as it conditionally granted relief and specifically stated that any deviation would require Appellants to return to the ZHB and request any new relief, even the relief previously granted in the 2020 ZHB Decision.  The ZHB had substantial evidence to find that Appellants did not establish an unnecessary hardship as Appellants' Second Application did not represent the minimum relief necessary to make reasonable use of the Property. Accordingly, the trial court did not abuse its discretion in denying Appellants' appeal and affirming the 2022 ZHB Decision.

 

                               _____

                               **RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal by Vladimir                  :
Atamanenko and Isak Ginsburg from          :
the January 25, 2022 Decision of the       :
Zoning Hearing Board of Warminster         :
Township                                   :
                                           :    No. 341 C.D. 2023
Appeal of: Vladimir Atamanenko             :
and Isak Ginsburg                          :

# **O R D E R**

    **NOW**, May 16, 2024, the Order of the Court of Common Pleas of Bucks County, entered March 6, 2023, is **AFFIRMED**.

 

                                     _____

                                     **RENÉE COHN JUBELIRER,** President Judge